IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 12, 2002 Session

## MARK GRAHAM V. MICHAEL J. MOHR

**Appeal from the Circuit Court for Hamilton County
Nos. 99C716, 99C1178     L. Marie Williams, Judge**

**FILED MARCH 12, 2002**

**No. E2001-00824-COA-R3-CV**

These consolidated cases arise out of a two-vehicle accident. The jury returned a verdict in favor of Mark Graham, assigning 51% of the fault to Michael J. Mohr and 49% to Graham. Mohr appeals, raising issues pertaining to the propriety of the trial court's ruling excluding the testimony of the police officer who investigated the accident. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

John M. Higgason, Jr., Chattanooga, Tennessee, for the appellant, Michael J. Mohr.

David L. Moss, Chattanooga, Tennessee, for the appellee, Mark Graham.

**OPINION**

I.

The accident that gave rise to this litigation occurred on April 23, 1998, at the intersection of Ooltewah-Ringgold Road and Bill Reed Road in Collegedale. Graham was traveling south on Ooltewah-Ringgold Road, and Mohr was proceeding east on Bill Reed Road. Mohr stopped at the stop sign at the intersection, intending to turn left and proceed north on Ooltewah-Ringgold Road. The collision occurred when Mohr pulled into the intersection.

Graham filed suit against Mohr in general sessions court. Several months later, Mohr filed suit against Graham in circuit court. By agreement of the parties, Graham's suit was transferred to circuit court, and the cases were consolidated for a jury trial. The trial commenced on November 28, 2000. During his proof-in-chief, Graham called as a witness, Officer Mark Stack, the police

officer who had investigated the accident. During a jury-out hearing, the witness testified regarding his recollection of the investigation. The following represents the crux of his testimony:

Q       All right. Officer Stack, you've had an opportunity to review the police report?

A       Yes, I have.

Q       Have you also had an opportunity to see the two gentlemen who are involved in this lawsuit?

A.      Yes, I have.

Q       After looking at them and after looking at your police report, do you have any independent recollection, personal recollection of any of the facts of what took place on the day or involving this accident?

A       No, I don't.

Q       Can you think of anything in this world that would refresh your recollection?

A       I've worked numerous accidents since that point in time. I vaguely remember working the accident, but I don't remember specifics about this one accident. I just can't.

Q       Do you remember –

A       I don't even remember who's the plaintiff, who is the defendant in this case. I couldn't tell you who was driving what vehicle. I don't remember.

Q       Do you remember the conditions?

A       Vaguely.

Q       What do you remember –

A       If I –

Q       – apart from your report?

A       If I totally answered yes, I remember the conditions, I wouldn't be telling the truth and I'm not going to do that. I don't truly remember the conditions. If I marked it on an accident report a certain way, then that's the way it would have been, you know.

After counsel for both parties had examined[1] the witness, the trial court excluded Officer Stack's testimony on the basis that he had no personal recollection of his investigation and that his remembrance of same had not been refreshed by his review of the police report. With no admissible evidence to offer, Officer Stack was excused.

II.

Mohr argues that the trial court erred in excluding Officer Stack's testimony. He contends that Officer Stack had sufficient personal knowledge of the investigation as evidenced by his statement that he "vaguely remember[ed] working the accident." Mohr further argues that the officer's personal recollection was properly refreshed by use of the report.

The decision whether to admit or exclude evidence is within the trial court's sound discretion. *Otis v. Cambridge Mut. Fire Ins. Co.,* 850 S.W.2d 439, 442 (Tenn. 1992); *Estate of Brock ex rel. Yadon v. Rist,* 63 S.W.3d 729, 731-32 (Tenn. Ct. App. 2001), *perm. app. denied,* January 14, 2002. "A trial court's discretionary decisions should be reviewed to determine: (1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Estate of Brock,* 63 S.W.3d at 732.

The trial court did not abuse its discretion in excluding Officer Stack's testimony. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tenn. R. Evid. 602. The questioning of Officer Stack demonstrated that the witness lacked a present recollection of his investigation. Officer Stack repeatedly stated that he had no personal recollection of the circumstances of the accident – one that he had investigated more than two years prior. At one point, Officer Stack asserted that he "vaguely" remembered the conditions at the accident scene; however, upon being asked if he remembered the conditions *apart from his report*, Officer Stack replied, "[i]f I totally answered yes, I remember the conditions, I wouldn't be telling the truth and I'm not going to do that. I don't truly remember the conditions." Officer Stack candidly admitted that, to his knowledge, there was nothing that would refresh his memory. Since the officer repeatedly denied having any recollection of the events of April 23, 1998 – and since he was unable to refresh his recollection by reviewing his report – it is evident that Officer Stack lacked the requisite personal knowledge to testify. Simply

---

[1]Mohr states, by way of a separate issue, that "the trial court erred in preventing cross-examination of the investigating police officer." The record is clear, however, that Mohr's counsel examined the officer without interruption from the trial court during the jury-out hearing. The facts simply do not support Mohr's position on this issue.

stated, the officer had no admissible relevant evidence to offer with respect to this litigation. Therefore, the trial court correctly excluded his testimony.[2]

Mohr further argues that Graham's counsel "opened the door" for cross-examination of Officer Stack as to the factual elements of his report by directly referring to the police report in his questioning of the officer. We disagree. It is evident from the record that Graham's counsel made reference to Officer Stack's report in an attempt to lay a foundation for the officer's possible "recollection refreshed" testimony. As we have just discussed, these efforts failed, and Officer Stack was disqualified as a witness due to a lack of personal knowledge. We cannot agree that the references made by Graham's counsel in his unsuccessful attempt to qualify the witness entitled Mohr's counsel to cross-examine the witness as to specific details found in the report. Those details would only have been admissible if they had come from the officer's presently-existing personal knowledge or from his refreshed knowledge. In the absence of one of these two scenarios, the reading of the report would have been a violation of T.C.A. § 55-10-114(b).

III.

The judgment of the trial court is affirmed. This case is remanded for enforcement of the judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Michael J. Mohr.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2]We note that Officer Stack's report was properly excluded by virtue of T.C.A. § 55-10-114(b) (1998), which provides that "[n]o reports or information mentioned in this section shall be used as evidence in any trial, civil or criminal, arising out of an accident...." Thus, while the report was properly used to attempt to refresh the officer's memory, it was inadmissible itself as evidence. *See Youngblood v. Solomon,* C/A No. 03A01-9601-CV-00037, 1996 Tenn. App. LEXIS 352, at *2, *3 (Tenn. Ct. App. E.S., filed June 11, 1996).